Mark V. EVANS, Plaintiff,

v.

PAN AMERICAN TANKERS CORPO-
RATION, Defendant.

Civ. A. No. 5707.

United States District Court
E. D. Virginia,
Norfolk Division.

Dec. 30, 1966.

Stant, Moss, Rafal & Stokes, Edwin J. Rafal, Norfolk, Va., for plaintiff.

Vandeventer, Black, Meredith & Martin, Charles F. Tucker, Norfolk, Va., for defendant.

## MEMORANDUM ORDER

WALTER E. HOFFMAN, Chief Judge.

This matter is before the Court on defendant's motion for summary judgment, supported by a comprehensive affidavit of J. G. Price, Superintendent of the Norfolk Shipbuilding and Drydock Corporation, setting forth the status of the SS HANOVER, owned by defendant, at the time of plaintiff's injury on January 18, 1966. When the matter was argued on November 23, 1966, counsel for plaintiff had not had sufficient time to investigate the facts set forth in the Price affidavit and/or file counter-affidavits. The hearing was continued generally awaiting receipt of counter-affidavits or any stipulation of facts, same to be filed on or before December 15, 1966.

By letter dated December 28, 1966, counsel for plaintiff advised that no counter-affidavits or memorandum of authorities would be filed, and the case was ready for ruling on defendant's motion for summary judgment. We, therefore, accept the Price affidavit as being uncontroverted.

Plaintiff was a shipyard worker employed by Norfolk Shipbuilding & Drydock Corporation. He contends that, at the time of his injury, he was in the service of the vessel doing the traditional work of a seaman. He has instituted this action against the shipowner alleging negligence and the unseaworthiness of the vessel.

On December 29, 1965, defendant and the shipowner entered into a contract calling for extensive repairs and renewals

of the vessel. The total contract price was $108,225.00. The vessel was delivered to the shipyard on December 30, 1965, and remained there until January 23, 1966, when she was redelivered to the owner. The crew of the vessel was dismissed while the vessel was at the shipyard, and the work performed was accomplished solely by employees of the shipyard, with the shipyard having complete and exclusive control over the vessel, subject only to the right of the defendant's port engineer to inspect the work and materials to insure compliance with the contract.

Between January 17, 1966, and January 23, 1966, the vessel was in drydock during which time the rudder and many shell plates were removed and renewed. Specifically, on January 18, 1966 (the date of the accident), the rudder and approximately one-half of the shell plates had been removed and all power for the ship was supplied from the shore by the shipyard. It would have required a minimum of three days to get the vessel underway under her own power.

■ Manifestly the vessel was a "dead" ship, out of navigation. Hence the warranty of seaworthiness does not apply. This is true even though we assume that plaintiff was doing the traditional work of a seaman.

■ Since the exclusive custody and control of the ship had been turned over to the shipyard, the defendant's only duty was to warn the shipyard and its employees of any hidden danger or latent defect. While the complaint does not state with exactitude the manner in which the plaintiff sustained his injury, it is conceded that plaintiff, at the time of his injury, was engaged in sandblasting when a piece of rust scale fell from above and struck his left wrist, thereby causing a rather serious injury.

■ This case is controlled by Union Carbide Corporation v. Goett, 4 Cir., 256 F.2d 449, vacated and remanded on other grounds, 361 U.S. 340, 80 S.Ct. 357, 4 L.Ed.2d 341; on remand, 4 Cir., 278 F.2d 319, cert. den. 364 U.S. 826, 81 S.Ct. 64,

5 L.Ed.2d 55. Absent a hidden danger or latent defect plaintiff's sole recourse is under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950. The shipyard, of course, cannot be successfully sued by the plaintiff. The injury is a typical compensation claim for an industrial accident.

It is ordered that the defendant's motion for summary judgment be, and it hereby is, sustained, and this action is dismissed at the cost of the plaintiff.